**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.   18-108 (EGS)** |
| | : | |
| **v.** | : | |
| | : | |
| **MARK GIBSON** | : | |
| | : | |
| **Defendant.** | : | |

## EXTRINSIC EVIDENCE CANNOT BE USED IN AN ATTEMPT TO ALLEGELY IMPEACH A NON-TESTIFYING DECLARANT

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully avers that counsel for the defendant cannot use extrinsic evidence to attack the credibility of a non-testifying witness. As outlined below, the defendant's attempt to introduce unrelated transcripts and other documents to instant matter in an attempt to impeach the credibility of a non-testifying witness in this case is not permitted. See, United States v. Saada, 212 F.3d 210, 220 (3d Cir. 2000) and United States v. Whitmore, 359 F.3d 609 (D.C. Cir 2004).

In Saada, the Third Circuit Court of Appeals held:

> We also read the language of Rule 806 implicitly to reject the asserted rationale for lifting the ban on extrinsic evidence. Rule 806 makes no allowance for the unavailability of a hearsay declarant in the context of impeachment by specific instances of misconduct, but makes such an allowance in the context of impeachment by prior inconsistent statements. Rule 613 requires that a witness be given the opportunity to admit or deny a prior inconsistent statement before extrinsic evidence of that statement may be introduced. If a hearsay declarant does not testify, however, this requirement will not usually be met. Rule 806 cures any problem over the admissibility of a non-testifying declarant's prior inconsistent statement by providing that evidence of the statement "is not subject to any requirement that the declarant may have been afforded an opportunity to deny or explain." See generally Fed.R.Evid. 806 advisory committee's notes. The fact that Rule 806 does not provide a comparable allowance for the unavailability of a hearsay declarant

> in the context of Rule 608(b)'s ban on extrinsic evidence indicates that the latter's ban on extrinsic evidence applies with equal force in the context of hearsay declarants.
>
> In reaching this conclusion, we are mindful of its consequences. Upholding the ban on extrinsic evidence in the case of a hearsay declarant may require the party against whom the hearsay statement was admitted to call the declarant to testify, even though it was the party's adversary who adduced the statement requiring impeachment in the first place. And, as here, where the declarant is unavailable to testify, the ban prevents using evidence of prior misconduct as a form of impeachment, unless the witness testifying to the hearsay has knowledge of the declarant's misconduct. *See generally* 4 Mueller & Kirkpatrick, *Federal Evidence* § 511 at 894 n. 7 (2d ed.1994); Margaret Meriwether Cordray, E*vidence Rule 806 and the Problem of Impeaching the Nontestifying Declarant*, 56 Ohio St. L.J. 495, 525–530 (1995). Nevertheless, these possible drawbacks may not override the language of Rules 806 and 608(b), and do not outweigh the reason for Rule 608(b)'s ban on extrinsic evidence in the first place, which is "to avoid minitrials on wholly collateral matters which tend to distract and confuse the jury ... and to prevent unfair surprise arising from false allegations of improper conduct." *Carter v. Hewitt*, 617 F.2d 961, 971 (3d Cir.1980) (internal quotations and citation omitted); *accord United States v. Martz*, 964 F.2d 787, 789 (8th Cir.1992); *Foster v. United States*, 282 F.2d 222, 223 (10th Cir.1960).
>
> **From our conclusion that the ban on extrinsic evidence of misconduct applies in the context of hearsay declarants, it follows that the District Court's ruling admitting evidence of Yaccarino's misconduct was based on an incorrect interpretation of Rules 806 and 608(b). We conclude, therefore, that the District Court erred in admitting such evidence**. . . .

Saada, 212 F.3d at 220–22.[1]


Moreover, in Whitmore, the D.C. Circuit Court held:

---

[1] But see, United States v. Friedman, 854 F.2d 535 (2d Cir.1988), the Second Circuit held that the trial court properly excluded impeachment evidence that a hearsay declarant had lied to the police because that evidence was not probative of the truthfulness of the hearsay statement there at issue. Id. at 569–70. In doing so, however, the court suggested that extrinsic evidence of such misconduct would have been admissible had the misconduct been probative of truthfulness: "[Rule 608(b) ] limits such evidence of 'specific instances' to cross-examination. Rule 806 applies, of course, when the declarant has not testified and there has by definition been no cross-examination, and resort to extrinsic evidence may be the only means of presenting such evidence to the jury." Id. at 570 n. 8.

> Fed.R.Evid. 608(b) allows a party to attack the credibility of a witness by cross-examining him on specific instances of past conduct. Cross-examination pursuant to Fed.R.Evid. 608(b) is not confined to prior criminal convictions – they are governed by Fed.R.Evid. 609 – but the conduct must be probative of the witness's character for truthfulness. See Fed.R.Evid. 608(b). It may not, however, be proven by extrinsic evidence. *Id*.; *United States v. Morrison*, 98 F.3d 619, 628 (D.C.Cir.1996); *see also United States v. Bynum*, 3 F.3d 769, 772 (4th Cir.1993) (noting that under Fed.R.Evid. 608(b) "cross-examiner may inquire into specific incidents of conduct, but does so at the peril of not being able to rebut the witness'[s] denials" and that "[t]he purpose of this rule is to prohibit things from getting too far afield – to prevent the proverbial trial within a trial").

Whitmore, 359 F.3d at 618.

See also, United States v. White, 116 F.3d 903 (D.C. Cir 1997). In that case, the district court had allowed defense counsel to cross-examine a police officer about a hearsay declarant's drug use, drug dealing, and prior convictions, but had not allowed defense counsel to impeach the declarant's credibility by asking the officer whether the declarant had ever made false statements on an employment form or disobeyed a court order. Id. at 920. The declarant was unavailable because he had been murdered. Id. at 911. Our Circuit Court concluded that defense counsel should have been allowed to cross-examine the officer about the declarant's making false statements and disobeying a court order. In doing so, the court observed that defense counsel "could not have made reference to any extrinsic proof of those acts" during cross-examination. Id. at 920.

WHEREFORE, this Court should deny defendant's request to present extrinsic evidence of a non-testifying witness.

Respectfully submitted,

JESSIE K. LIU
UNITED STATES ATTORNEY
D.C. Bar No. 472845

_____/S/_____
EMORY V. COLE
ASSISTANT UNITED STATES ATTORNEY
PA. Bar No. 49136
U.S. Attorney's Office
555 4th Street, N.W., Room 4213
Washington, DC 20530
Emory.Cole@usdoj.gov